UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER, 103312,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF SOLANO COUNTY, et al.,<br><br>Respondent(s). | Case No. 25-cv-02584-CRB  (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE**<br><br>(ECF Nos. 5 & 7) |

I.

Petitioner, a pretrial detainee at the Solano County Jail facing state criminal charges in Solano County Superior Court, has filed a <u>pro se</u> petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his pretrial detention and alleging various wrongdoing by state and local officials in connection with his arrest and detention.

Petitioner moves for leave to proceed <u>in forma pauperis</u> (IFP) under 28 U.S.C. § 1915 (ECF No. 5) which, based solely on his affidavit of poverty, is GRANTED.

II.

Petitioner may challenge his pretrial detention on pending state criminal charges in Solano County Superior Court by way of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. But the § 2241 petition must be brought in the United States District Court for the Eastern District of California in whose venue Solano County lies.  <u>See</u> 28 U.S.C. § 84(b).[1]

And to the extent petitioner seeks to pursue a claim or claims for damages for wrongdoing by state and/or local officials in connection with his arrest and detention, he must do so by filing a

---

[1] A petition for a writ of habeas corpus under § 2254 challenging an actual conviction or sentence from Solano County Superior Court similarly must be brought in the Eastern District of California.

separate civil rights action under 42 U.S.C. § 1983.  See Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (only claim whose success would release claimant from confinement or shorten its duration may be brought in habeas corpus).

### III.

For the foregoing reasons, the petition for a writ of habeas corpus under § 2254 is DISMISED without prejudice to filing a § 2241 (or § 2254) petition in the Eastern District of California and/or a separate civil rights action or actions under § 1983.

The clerk is directed to close this case and to terminate all pending motions (see ECF Nos. 5 & 7) as moot.

**IT IS SO ORDERED**.

Dated: August 13, 2025

_____
CHARLES R. BREYER
United States District Judge